UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RITA M. SHEAKLEY,<br><br>Plaintiff,<br><br>v.<br><br>THE ODOM CORPORATION, et al.,<br><br>Defendants. | 1:05-cv-00011-TMB<br><br>ORDER REGARDING<br>SETTLEMENT CONFERENCE |

This case has been referred to the undersigned to hold a settlement conference. The settlement conference will begin at 9:00 a.m. on Thursday, November 2, 2006 at the United States District Court, 9th floor, United States Federal Building, 709 West 9th Street, Juneau, Alaska.

Each party shall deliver <u>directly</u> to the Clerk of Court in Juneau in a sealed envelope, on or before 4:00 p.m. on October 31, 2006, a settlement conference memorandum as described in the attached appendix.[1]

---

[1] The failure of a settlement conference is generally caused by unrealistic case evaluation. Efforts to settle cases where the parties are very far apart in their evaluation of the case almost always fail. The court does not intend to conduct settlement conferences in cases where, based upon positions taken in the settlement conference memoranda, it appears that one or both parties have taken an unrealistic position. In their settlement conference memoranda, the parties must make a full and honest disclosure of their best evaluation of the likely outcome of the case and what they believe would be a reasonable settlement. If a settlement conference is to be productive, the settlement conference memoranda must contain an objective description of the strengths and weaknesses of each party's case.

Order Regarding Settlement Conference
Sheakley v. The Odom Corporation, et al.

1:06-cv-00011-TMB
Page 1 of 2

OCT-10-2006 06:34PM   FAX:9075235945   ID:   PAGE:002 R=95%

A party's settlement memorandum may not be disclosed to anyone without the party's consent and is not admissible in evidence.

At the settlement conference, all counsel (and parties not represented by counsel) shall appear with full authority to settle all issues of this litigation; or shall have their clients, with full settlement authority, available in person or by telephone at the time above-specified.

DATED this 10th day of October, 2006.

REDACTED SIGNATURE
Philip M. Pallenberg
United States Magistrate Judge

## APPENDIX

(1) Each counsel (or party not represented by counsel) shall deliver to chambers a brief informal statement of his client's position regarding settlement. The strengths and weaknesses of one's position must be candidly disclosed and appraised.

(2) The statement required by paragraph (1) may not exceed twenty pages (including attachments) double-spaced, on standard 8-1/2" x 11" paper.

(3) If plaintiff seeks monetary damages, a specific present reasonable dollar figure requested by plaintiff must be set forth. If plaintiff is unable to set forth such figure, the purpose of which is to aid the settlement judge in evaluating the case, a convincing statement must be included, stating the reasons that no such figure can be included.

(4) Defendant must set forth its present reasonable dollar figure offer. Likewise, if defendant is unable to set forth such figure, the purpose of which is to aid the settlement judge in evaluating the case, a convincing statement must be included, stating the reasons no such figure can be included.